**J. F. DEES, Appellant,**

v.

**CITIZENS BANK OF BRODHEAD,
Appellee.**

Court of Appeals of Kentucky.

June 23, 1961.

Rehearing Denied Sept. 22, 1961.

Fritz Krueger, Somerset, for appellant.

John Allen, Mt. Vernon, Edwin R. Denney, Lexington, for appellee.

CULLEN, Commissioner.

The Citizens Bank of Brodhead brought action against J. F. Dees to recover principal and interest on a note in the amount of $2,500 dated October 10, 1957. Dees pleaded payment. The case was submitted to a jury, which found for the bank, and judgment was entered accordingly. Dees has appealed, maintaining that incompetent evidence was admitted and that he was entitled to a directed verdict.

■ Two officers of the bank testified in detail from the records of the bank as to various note transactions between Dees and the bank over the period from 1953 to 1958, involving a number of original notes and a great many renewals. Their testimony showed that the particular note here in question had not been paid. A certified public accountant also testified in detail concerning the bank records of the note transactions, and he stated that his examination disclosed an unpaid balance of $2,500. He then was asked to state how much principal, according to his examination of the records, Dees "owed" the bank, and over objection he was permitted to answer that the sum was $2,500. The appellant maintains that this question was improper because it called for a conclusion of the witness. It may be that the wording of the question technically was improper in that it purported to elicit from the witness an answer to the ultimate question in the case of whether Dees *owed* the money, but we think that in context it was clear to the jury that the witness was merely being asked to state what sum remained unpaid according to the bank records, which was an evidentiary fact and not a conclusion. Previous testimony of this fact by the accountant and by the two bank officers had been admitted without objection. If there was any error in the form of the question objected to it was not prejudicial.

■ The appellant's contention that he was entitled to a directed verdict is based upon the theory that his testimony that he had paid the note was not controverted. His testimony was that he had paid the bank $1,000 on one occasion and $1,500 on another, which satisfied the note in question. The bank admitted that the two pay-

ments were received, but showed by its records that the payments were on a different note. One of the payments was made before the note in question was executed, so it could not have been on the latter note. Dees stated that the only transaction he had with the bank on October 10, 1957, was the deposit of a sum of money to one of his accounts, but he did not deny his signature on the note of that date which was introduced in evidence by the bank. The only substance in Dees' testimony was that the payments he made were on the note in question and this was specifically controverted by the evidence for the bank. Under no stretch of the imagination was Dees entitled to a directed verdict.

The judgment is affirmed.